# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**RAITHIELE JON ROBINSON,**  )
)
Plaintiff,  )
)
v.  )   No. CIV 18-100-RAW-SPS
)
**STATE OF OKLAHOMA, et al.,**  )
)
Defendants.  )

## OPINION AND ORDER

Plaintiff, a pro se pretrial detainee proceeding *in forma pauperis*, is incarcerated in the Okmulgee County Correctional Justice Authority, in Okmulgee, Oklahoma. He filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging he has been illegally held since December 3, 2016, in violation of his constitutional right to a speedy trial and his rights of due process and equal protection (Dkt. 1). He is seeking relief in the form of dismissal of all criminal charges and release from custody. *Id*. at 7.

The defendants are the State of Oklahoma; the Okmulgee County District Court; Okmulgee County District Judges Ken Adair, Dennis Shook, and Pandee Ramiriz; Okmulgee County District Attorney Carol Iski; Okmulgee County Correctional Justice Authority; District Attorney Rob Barris; and Okmulgee County Sheriff's Department Officers Dustin Todd and Smokey Patchin.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b);

28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

**Factual Background**

Plaintiff alleges that on December 3, 2016, Defendants Detective Dustin Todd and Detective Smokey Patchkin, along with the District 25 Violent Crimes Task force, made a forcible entry without a search warrant. Plaintiff was interrogated and placed under arrest. Detective Todd used the victim's cell phone and Plaintiff's statements to arrest Plaintiff without a warrant. Plaintiff contends that nothing related to the crime was found in his vehicle or residence. On December 19, 2016, an Information was filed, charging Plaintiff with First Degree Murder - Deliberate Intent and Robbery with a Weapon.

**Discussion**

The Court has reviewed the record and construes Plaintiff's pleadings liberally. *Haines*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's only request for relief is dismissal of the pending charges against him and release from custody. This relief, however, cannot be granted in a civil rights complaint pursuant to 42 U.S.C. § 1983. Instead, this form of relief must be requested in a petition for a writ of habeas corpus.

In addition, if Plaintiff had requested monetary damages in this case, the action still would fail. He first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

To the extent Plaintiff is complaining that his right to a speedy trial has been violated, this claim also must be presented in a petition for a writ of habeas corpus, after exhaustion of state remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "[A]n attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted." *Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993) (citations omitted).

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a PRIOR OCCASION or STRIKE, pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] Section 1915(g) reads: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

3

**IT IS SO ORDERED** this 21st day of June 2018.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

physical injury."